**CHANG–MEL ZHOU, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 07–4458–ag.**

United States Court of Appeals, Second Circuit.

April 20, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General, Civil Division; Carl H. McIntyre, Jr., Asst. Director; Jacob A. Bashyrov,

Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Chang–Mel Zhou, a native and citizen of the People's Republic of China, seeks review of a September 19, 2007 order of the BIA, which denied his motion to reopen. *In re Chang–Mel Zhou*, No. A76 816 019 (B.I.A. Sept. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Zhou's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

As an initial matter, Zhou waives any challenge to the BIA's finding that he was not eligible for asylum based on the IJ's underlying frivolousness finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Zhou argues that the BIA erred by failing to adequately analyze the evidence he submitted in concluding that he failed to

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Acting Attorney General Peter D. Keisler as respondent in this case.

demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Similarly, the BIA's determination that Zhou was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).